By the Court.—Sedgwick, Ch. J.
For the reasons given by the judge below, I agree with him that the issue upon the demurrer was whether the plaintiff was entitled, upon the averments of the complaint, to the judgment demanded by it. The demand was for a judgment against the defendant, in a specified amount. I also agree that under the terms of the contract, in advance of *188 an apportionment to the policy, of its fair and equitable proportion of the divisable surplus referred to, the plaintiff would have no right to demand a money judgment. If the failure to apportion be decreed a breach of contract, there is no possible mode of assessing damages. For the amount of the apportionment can be fixed only through the exercise, in fact, of a discretion by the officers of the company, in view of present circumstances and future contingencies. A court or jury could not exercise that discretion, even if the agreement did not, as it does, contemplate that the officers should exercise it'in trust for the whole body of the holders of policies.
The result is that the demurrer was properly sustained.
If nothing more be said, there may be an application to amend, by changing the demand for judgment in the complaint, to a demand for an accounting, as it was called, on the agreement, or perhaps for a judgment that the defendant proceed to apportion it.
The allegations in the complaint that would be relied upon as the ground of the new demand, show that for sufficient consideration, the defendant has contracted to apportion, &c. This contract has modified whatever would have been the implication as to the right of the company to refrain from making dividends, if the relations between it and the plaintiff were the same as if the plaintiff were a shareholder merely. The plaintiff would have a right to the enforcement of the contract, upon making proper proof.
The performance of the contract by defendant would involve the doing of such things by its officers as would be done by them, if they were proceeding to ascertain if a dividend of profits should be declared in a case where profits could be divided among shareholders. The defendant is a foreign corporation. This court has no facilities or processes sufficient or fit to compel a foreign corporation to take the proceeding described. It cannot bring the officers .or the books or the assets of the corporation *189 within its jurisdiction. It must enforce such a judgment, if at all, by proceedings for contempt, and yet there are no persons here whose action can direct the proceedings of the company. Under such circumstances, it is said that a court of equity will refrain from proceeding to a judgment, and that the court of equity will not interfere with the internal administration of the affairs of a foreign corporation (Cumberland Coal Co. v. Hoffman Coal Co., 30 Barb. at p. 171; Howell v. Chicago & North Western Ry. Co., 50 Barb. at p. 383; Chase v. Vanderbilt, 37 Super. Ct. at p. 356, and cases cited).
The learned counsel for respondent takes the position now referred to, under that ground of the demurrer that states that the court has no jurisdiction of the subject of the action. If this be not formally correct, and it is unnecessary to pass upon this, it is true that there is no cause of action here in this state, as the law does not give any remedy here for the things complained of.
Judgment affirmed, with costs.
Freedman and Truax, JJ., concurred.